UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY M. DOBROWOLSKI, | ) | Case No.  1:08CV1418 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| MICHAEL ASTRUE, | ) | **REPORT AND RECOMMENDATION** |
| COMMISSIONER OF | ) | **OF MAGISTRATE JUDGE** |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff requests judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI).  Electronic Case Filing (ECF) Dkt. #1.  Plaintiff contends that the Administrative Law Judge (ALJ) erred in finding her capable of performing limited light work, failed to consider a disability determination from a County agency, and erroneously discounted her complaints of pain.  ECF Dkt. #17.  For the following reasons, the undersigned recommends that the Court REVERSE the ALJ's decision and REMAND this case so that, consistent with this Report and Recommendation, the ALJ can address the County Medical Services disability determination, reevaluate Plaintiff's credibility, and reevaluate Plaintiff's RFC.

**I.      PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on May 11, 2004 alleging disability beginning February 26, 1999 due to migraines, problems with her finger, asthma, acid reflux and back pain.  Tr.

1

at 61, 73-85, 88. The Social Security Administration (SSA) denied Plaintiff's claims and affirmed the denials upon reconsideration. *Id*. at 59-63, 65-68. Plaintiff requested a hearing before an ALJ, and at the May 11, 2007 hearing, Plaintiff testified and was represented by counsel. *Id.* at 526. A vocational expert also testified. *Id.*

On May 24, 2007, the ALJ denied Plaintiff's application for benefits, finding that while her impairments of migraine headaches, fused (and later amputated) distal interphalangeal joint of the right long finger, cervical degenerative disc disease (CDDD) without cord impingement, and chronic obstructive pulmonary disease (COPD) were severe, they did not meet or equal, individually or in combination, the Listing of Impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1. Tr. at 16. The ALJ found that Plaintiff could perform limited light work existing in significant numbers in the economy. *Id.*

Plaintiff requested that the Appeals Council review the ALJ's decision but Council denied the request for review, concluding that no basis existed for changing the ALJ's decision. *Id.* at 6-9. Plaintiff filed an appeal to this Court on June 12, 2008 and Defendant answered. ECF Dkt. #s 1, 9. Both parties have filed briefs addressing the merits of the case. ECF Dkt. #s 12, 16. At issue is the ALJ's May 24, 2007 decision, which stands as the final decision. Tr. at 14-23; 20 C.F.R. § 404.984.

## II. **RELEVANT PORTIONS OF ALJ'S DECISION**

In his May 24, 2007 decision, the ALJ found that Plaintiff had the severe impairments of migraine headache, fused and later amputated distal interphalangeal joint of the right long finger, CDDD without cord impingement, and COPD in a smoker. Tr. at 16. However, he found that none of those impairments, individually or in combination, met or medically equaled the Listing of Impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1. *Id.*

The ALJ considered Plaintiff's complaints of disabling pain and found them not entirely credible. Tr. at 17-18. He also discounted the opinions of Plaintiff's physicians Ronald Casselberry and Charles Webb. *Id.* at 19-20. In concluding that Plaintiff could perform jobs existing in significant numbers in the economy, the ALJ found that Plaintiff had a residual functional capacity (RFC) to:

> sit, stand and/or walk 6 hours each in an 8-hour workday and [she] can lift, carry, push and/or pull 10 pounds frequently and 20 pounds occasionally. She is precluded from using ladders, ropes and scaffolds, from exposure to workplace hazards such as unprotected heights and unprotected moving machinery, and from occupational driving. She must avoid concentrated exposure to fumes, odors, dust, gases and poorly ventilated areas and to temperature extremes (temperatures in excess of 85 degrees or less than 32 degrees Fahrenheight (sic)). She is limited to occasional fingering and feeling operations with her right, dominant hand. She is limited to low stress tasks and is precluded from tasks that involve negotiation, arbitration, confrontation, directing the work of others, or being responsible for the safety of others.

Tr. at 17.

### III  STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the following required sequential steps for evaluating entitlement to disability insurance benefits and SSI

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (§§20 C.F.R. 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (§§20 C.F.R. 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see §§20 C.F.R. 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (§§20 C.F.R. 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (§§20 C.F.R. 404.1520(e) and 416.920(e) (1992));

> 5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (§§20 C.F.R. 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at Step Five to show that other jobs in the economy are available to the claimant, considering her age, education, past work experience and residual functional capacity. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves conflicts, and makes a determination of disability. This Court's review of such a determination is limited by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record to support an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

**V.    ANALYSIS**

The undersigned addresses Plaintiff's claims out of the order in which she presents them because the analysis of her last two claims impacts the analysis of her first claim.

**A.    COUNTY MEDICAL SERVICES DISABILITY DETERMINATION**

Plaintiff asserts that the ALJ committed reversible error by failing to consider the fact that the County Medical Services agency (CMS) made a disability determination on November 8, 2004 finding her disabled based upon its medical Listing 1.01 for Musculo-skeletal impairments. ECF Dkt. #12 at 8-9.  Plaintiff contends that the CMS uses the same criteria as the SSA in determining disability and the ALJ erred in not addressing this "very significant argument."  *Id*. at 9.  Defendant acknowledges that the ALJ did not mention the CMS decision, but argues that the ALJ's discussion of Dr. Casselberry's opinions upon which the CMS decision was based implicitly addresses the CMS decision.  ECF Dkt. #16 at 18-19.

The undersigned recommends that the Court find merit to Plaintiff's assertion.  20 C.F.R. §§ 404.1504 and 416.904 provide

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind.  We must make a disability or blindness determination based on social security law.  Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

While the nongovernmental or other governmental decision is not binding on the SSA, it must nevertheless be considered.  In *Rothgeb v. Astrue*, No. 3:08cv00115, - - - F.Supp.2d - - - , 2009 WL 1270302 (S.D. Ohio 2009), the United States District Court for the Southern District Court of Ohio remanded the case in part because even though a decision by the Veterans Administration Medical Center granting disability was not binding upon the ALJ, the ALJ failed to consider the decision. Citing Sixth Circuit cases, the court held that the Sixth Circuit would require an ALJ to consider such

-5-

a decision and articulate the reasons for the amount of weight that he assigned the decision. *Id*. at *12 (citing *Harris v. Heckler*, 756 F.2d 431, 434 (6th Cir. 1985)(terming it "somewhat strange that...the Secretary would have the audacity to claim [that DIB claimant] was not disabled," where "other responsible agencies" had allowed Black Lung and Workers' Compensation benefits; and *Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984)(explicitly noting, in remanding social security claim for award of benefits, that administrative record reflected "a Veteran's Administration insurance disability award marked 'total disability.'")). The *Rothgeb* Court also cited Social Security Regulation 06-03p, which states that even though the ALJ is not bound by the disability decisions of nongovernmental and other governmental agencies, "the adjudicator should explain the consideration given to these decisions." SSR 06-03p.

Here, the ALJ failed to address the CMS decision in his decision. The CMS decision indicates that Plaintiff was found eligible for disability benefits effective January 1, 2004 because she met Listing 1.01 under the Listing of Impairments used by CMS. Tr. at 139. Accompanying this decision is a letter from Attorney Paulette Balin to the Office of Hearings and Appeals identifying the decision and attaching the listing requirements in order to show the similarity to the Social Security listings. *Id*. at 137. She also attaches a letter from Attorney Robert Bonthius, Jr., an attorney with the Legal Aid Society of Cleveland, who explains that he has practiced in the area of Ohio Medicaid law for over twenty years and the definition of disability, the procedure, and the Listings used by the CMS are the same as that of the SSA. *Id.* at 138.

Since the ALJ failed to follow the correct legal standards of addressing the CMS decision in his decision, the undersigned recommends that the Court remand this case for this issue to be addressed.

**B.      CREDIBILITY DETERMINATION**

Plaintiff also asserts that the ALJ failed to provide support for his credibility findings because he did not specifically state why he discounted Plaintiff's complaints, including her complaints of migraine headaches, their frequency, and the resulting work-related limitations. ECF Dkt. #12 at 9. For the following reasons, the undersigned recommends that the Court find merit to Plaintiff's assertion and remand this case for additional factfinding, evaluation and analysis by the ALJ.

The social security regulations establish a two-step process for evaluating pain.  In order for pain or other subjective complaints to be considered disabling, there must be: (1) objective medical evidence of an underlying medical condition, and (2) objective medical evidence that confirms the severity of the alleged disabling pain, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain.  *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

When a disability determination cannot be made on the basis of the objective medical evidence, an ALJ must analyze the plaintiff's credibility, considering her statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in 20 C.F.R. § 416.929 and Social Security Ruling 96-7p.  Subjective complaints of pain can support a disability claim if objective medical evidence of an underlying condition exists in the record. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 686 (6th Cir. 1992). Other relevant factors that the ALJ must consider include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.  20 C.F.R. 416.929(c)(3)(i)-(vi); SSR 96-7p.  However, an ALJ is not required to accept a plaintiff's own

testimony regarding her pain. *Gooch v. Sec'y of Health and Human Servs.,* 833 F.2d 589, 592 (6th Cir. 1987). Since the ALJ has the opportunity to observe the claimant in person, great deference is given to the ALJ's conclusion about the claimant's credibility. *McCoy o/b/o McCoy v. Comm'r of Soc. Sec.,* 81 F.3d 44, 47 (6th Cir. 1995). Nevertheless, substantial evidence must support an ALJ's assessment of a claimant's credibility. *Id.* If the ALJ rejects or discounts the claimant's complaints as not credible, he must clearly state his reasons for doing so. *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994).

In the instant case, the ALJ indicated that he had considered the criteria in SSR 96-7p and other medical and non-medical evidence in deciding to discount Plaintiff's complaints of pain and work-related limitations. Tr. at 17-18. He then recited Plaintiff's testimony concerning her impairments and the frequency, duration and intensity of her pain and limitations. *Id.* at 18. The ALJ thereafter concluded that "[a]fter considering the evidence," Plaintiff's impairments could produce symptoms, but not to the extent that Plaintiff testified. *Id.* The ALJ then discussed the objective medical evidence and found that none of Plaintiff's impairments resulted in a total inability to perform basic work activities and he discounted her credibility as to the intensity, persistence and limiting effects of her impairments. *Id.* at 21. Regarding her migraine headaches, the ALJ cited relatively normal examination findings, test results and responses to medication. *Id.* at 19. He also cited the findings of Dr. Wax, an agency examining psychologist who stated on October 18, 2004 that he suspected Plaintiff to be a malingerer. *Id.* at 21. As to her other impairments, the ALJ discounted the reports of treating physicians based upon a lack of objective medical support and cited the findings of the state examining physician. *Id.* at 19-20.

The undersigned recommends that the Court find that the ALJ's citation of the medical evidence and the discounting of the physicians' opinions fail to provide substantial evidence to support his decision to discount Plaintiff's testimony. While the ALJ discusses some of the SSR96-7p factors, he fails to explain how those factors supported his decision to discount Plaintiff's credibility. For instance, the ALJ stated in his decision that Plaintiff described a typical day and indicated that "she can function well" when she does not have migraines. Tr. at 18. The ALJ also mentions Plaintiff's testimony that she has migraines two to three times a week which can last all day and which render her unable to function two to three days per week. *Id.* However, the ALJ fails to articulate why he relied upon her testimony that she can function well when she does not have a migraine, but did not find Plaintiff's testimony regarding the frequency and debilitating impact of her migraines to be credible. He merely noted that Plaintiff stated that Dr. Craciun told her to go to the emergency room for a "shot" in order to get through the migraines when severe, but she only went once. *Id*.

Further, the ALJ cited to some of Plaintiff's medications, which included migraine medications, a nebulizer four times per day for twenty to twenty-five minutes each time, vicoden, relaflex, and ativan three times per day. *Id.* at 18-20. However, he failed to articulate whether or how these medications would impact Plaintiff's ability to work. Plaintiff had testified that she gets dizzy from the medications, some of them make her light-headed, and the ativan, which she takes three times per day for panic attacks, makes her tired, requiring her to nap a couple times per day for an hour at a time. *Id*. at 549. In addition, the ALJ failed to mention the factors that precipitate and aggravate Plaintiff's symptoms, such as her testimony that applying ice packs and lying down in a quiet room sometimes help to alleviate her migraine headaches, or her testimony that lying around helps if she has neck pain. *Id*. at 542.

Since the ALJ failed to address the reasons for discounting Plaintiff's testimony regarding the frequency and impact of her migraine headaches, as well as the impact of her many medications on her ability to work, and the measures that she takes to help alleviate her symptoms, the undersigned recommends that the Court remand this case for further analysis of Plaintiff's credibility.

**C.    RFC**

Because a redetermination and further analysis of the CMS decision and Plaintiff's credibility may change the ALJ's RFC determination, the undersigned recommends that the Court remand the ALJ's RFC if it should adopt the undersigned's Report and Recommendation.  However, the undersigned recommends that the Court limit the RFC remand to those issues relating to the CMS determination and credibility only and find no merit to Plaintiff's specific assertions regarding RFC.

Specifically, Plaintiff asserts that no medical evidence supports the ALJ's RFC because such a RFC does not appear in any of the medical findings and opinions of treating or state agency physicians.  ECF Dkt. #12 at 7-8.  Plaintiff also asserts that the ALJ lacked substantial evidence for his RFC because he relied upon the opinion of Dr. Bhaiji, a state examining physician, who found that Plaintiff would have difficulty lifting, carrying and handling objects.  ECF Dkt. #12 at 7.  She reasons that because she could not perform sedentary work, which requires bilateral manual dexterity, she could not perform light work either because a person is not considered capable of performing light work activity unless a claimant can perform both sedentary and light work.  *Id*. at 7-8.

The undersigned recommends that the Court find no merit to Plaintiff's assertions.  First, the Court should reject Plaintiff's assertion that the ALJ's RFC determination is erroneous because such a RFC does not appear in any of the medical records and therefore it is not supported by substantial evidence.  While the ALJ must consider medical opinions when evaluating a claimant's RFC, the

-10-

ultimate determination of the RFC is the province of the ALJ. 20 C.F.R. §§ 404.1527(e)(2) and 416.927(e)(2). Accordingly, the ALJ's RFC is not erroneous simply because no other medical source advanced the same RFC that he did.

The Court should also find no merit to Plaintiff's assertion that she cannot perform limited light work because she lacks bilateral manual dexterity and the light work definition requires the ability to perform sedentary work, which requires bilateral manual dexterity. Plaintiff cites *Damron v. Secretary of Health and Human Services*, 778 F.2d 279 (6th Cir. 1985) for the proposition that she cannot perform light work as found by the ALJ if she is precluded from performing sedentary work due to a lack of bilateral manual dexterity. ECF Dkt. #12 at 7-8.

Plaintiff misinterprets *Damron*. The relevant issue in *Damron* was whether the ALJ had improperly relied upon 20 C.F.R. § 416.969 and improperly applied the medical-vocational guidelines of 20 C.F.R. 404, Appendix 2 of Subpart P, Rule 202.10 ("the grid") in order to find that Damron could perform at least light work. 778 F.2d at 281-282. The Sixth Circuit Court of Appeals found that the ALJ failed to consider the claimant's nonexertional impairments in determining her ability to find work and thus could not fully rely upon the grid when a claimant suffers from nonexertional impairments. *Id*. at 282. The Court noted that if Damron could not perform light work on a sustained basis, the grid would compel a finding that she was disabled, given her age, education and lack of work experience. *Id*. The Court did *not* hold that an ALJ is required to find that a claimant is unable to perform sedentary work in every instance when she is unable to perform light work. Rather, the Court acknowledged that a permissive inference exists when it stated that "the ALJ was apparently relying upon 20 C.F.R. § 416.967(b), which states that '[i]f someone can do light work we determine that he or she can also do sedentary work, **unless there are additional limiting factors such as loss**

**of fine dexterity or inability to sit for long periods of time**.' " *Id*. (emphasis added).

Since Plaintiff has failed to demonstrate that the ALJ was required to infer her ability to perform a full range of sedentary work, Plaintiff would otherwise have to establish that her sedentary limitations transcended the light work level.  Plaintiff has made no attempt to explain why an erosion of the sedentary work base would erode the light work base.  For example, Plaintiff does not offer a comparison of the sedentary work requirements to the light work requirements in an effort to explain how her sedentary limitations would apply to each.  The Court should not construct Plaintiff's arguments for her.  *McPherson v. Kelsey*, 125 F.3d 989, 995-96  (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (internal citation omitted).

Even assuming that Plaintiff can show a lack of bilateral manual dexterity, she only asserts that this erodes the sedentary work base, not the light work base.[1]  This is where Plaintiff's misinterpretation of *Damron* is detrimental to her legal analysis because the ALJ is not required to find that she was able to perform a full range of sedentary work as Plaintiff contends *Damron* requires.  The ALJ here determined that Plaintiff could perform a range of limited light work, which included right hand occasional fingering and feeling operation restrictions.  The vocational expert testified that jobs existed in the economy with light work which comported with that RFC.  Based upon this testimony, the ALJ found that Plaintiff could perform significant numbers of jobs existing

---

[1] Plaintiff states that "[t]his becomes more significant because Dobrowoski is not capable of sedentary work activity in a sustained basis." ECF Dkt. #12 at 8.  She further states that "Even if Dobrowoski could do the standing, walking and lifting described by Judge Round in his finding, for which he presents no evidence, she clearly lacks the bilateral manual dexterity to perform a wide range of sedentary work." *Id.*

-12-

in the economy with the limited light work RFC. Plaintiff does not challenge these findings pertaining to light work. The Court should find that she has therefore waived them. *See Heston v. Commissioner of Social Sec.*, 245 F.3d 528, 534-35 (6th Cir. 2001), citing *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000)(parties may not raise new arguments or issues at the district court stage that were not presented to the Magistrate Judge). Accordingly, the undersigned recommends that the Court find that remand of this issue is not necessary because the ALJ had a sufficient basis for finding that Plaintiff was not disabled.

## **VI. CONCLUSION**

Based upon a review of the record, the Statements of Error, and the law, the undersigned recommends that the Court REMAND this case so that the ALJ can address the disability determination of CMS and articulate the weight that he gave this decision and the reasons therefor. The undersigned further recommends remand so that the ALJ can better analyze the factors of SSR 96-7p and explain his reasons for discounting Plaintiff's testimony relating to her migraine headaches, the side effects of her medications, and the measures that she takes in order to reduce her pain, which could all impact her work-related abilities. Finally, the undersigned recommends that the Court remand the ALJ's RFC for further analysis to the extent that it impacts his analysis of the CMS decision and Plaintiff's credibility. However, the undersigned recommends that the Court find no merit to Plaintiff's specific RFC assertions.

Dated: August 11, 2009 */s/George J. Limbert*
GEORGE J. LIMBERT
U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).